## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| RONALD De ALTIER PICKARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Criminal No. 99-63 |
| | ) | |
| DISTRICT COURT OF THE VIRGIN ISLANDS, *et al.*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Before the Court is petitioner Ronald De Altier Pickard's motion to "vacate, correct and expunge all NOT GUILTY verdicts from Petitioner['s] past record." [ECF 572] at 1.[1] Petitioner avers that in 1999, he was found "guilty" under 18 U.S.C. § 242 on Counts 1, 15, 16, 17, and 40 and "NOT guilty" on Counts 5, 7, 8, 11, 12, 29, 31, 32, and 33. *Id.* at 2. According to petitioner, he is unable to obtain employment or rent an apartment because he is wrongfully characterized as a sex offender on National Crime Information Center ("NCIC") records, which list Count 31, a charge of rape in the 1st degree, as "No Disposition." *Id.* Petitioner also claims that NCIC records show Counts 2, 15, 16, 17, and 40 as having taken place on October 17, 2001 in White Deer, Pennsylvania. *Id.*

In *United States v. Dunegan*, 215 F.3d 477 (3d Cir. 2001), the United States Court of Appeals for the Third Circuit held that "in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal." *Id.* at 480; *accord United States v. Rowlands*, 451 F.3d 173, 177-78 (3d Cir. 2006).

---

[1] Pickard also moved for a hearing on the motion to expunge.

*USA v. Pickard*
Criminal No. 1999-63
Page 2

The records in this case indicate that on July 12, 2001,[2] following a jury trial in the District

Court for the Virgin Islands, Pickard was found guilty on the following territorial counts:

(1)    Count 18:    Oppression (14 V.I.C. § 703(1))
(2)    Count 19:    Third-Degree Assault (14 V.I.C. § 297)

Pickard was also found guilty on the following federal counts:

(1)    Count 1:    Deprivation of Rights Under Color of Law (18 U.S.C. § 242)
(2)    Count 15:    Deprivation of Rights Under Color of Law (18 U.S.C. § 242)
(3)    Count 16:    Deprivation of Rights Under Color of Law (18 U.S.C. § 242)
(4)    Count 17:    Carrying a Firearm During or in Relation to a Crime of Violence
                    (18 U.S.C. § 924(c))
(5)    Count 40:    Deprivation of Rights Under Color of Law (18 U.S.C. § 242)

Pickard has neither identified an applicable statute, nor has he alleged that the underlying

criminal proceedings were invalid or illegal.

Accordingly, IT IS HEREBY RECOMMENDED as follows:

(1) that Pickard's motion to expunge his criminal record [ECF 572] be DENIED; and

(2) that Pickard's motion for hearing [ECF 578] be DENIED.

Any objections to this Report and Recommendation must be filed in writing within fourteen

(14) days of receipt of this notice.   Failure to file objections within the specified time shall bar the

aggrieved party from attacking such Report and Recommendation before the assigned District

Court Judge.   28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:** May 3, 2021                    S_____

                                          **RUTH MILLER**
                                          United States Magistrate Judge

---

[2] [ECFs 461, 462].