DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| RONALD PICKARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal Action No. 1999-0063 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**Appearances:**
**Ronald Pickard,** *Pro Se*
St. Croix, U.S.V.I.

**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
    *For Respondent*

**MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on Magistrate Judge Ruth Miller's Report and Recommendation ("R&R") (Dkt. No. 582) that petitioner Ronald Pickard's ("Petitioner") Motion to Vacate, Correct, and Expunge (Dkt. No. 572) and Motion for Hearing (Dkt. No. 578) be denied. For the reasons that follow, the Court will adopt Magistrate Judge Miller's R&R (Dkt. No. 582) as modified herein and deny Petitioner's Motion to Vacate, Correct, and Expunge (Dkt. No. 572) and Motion for Hearing (Dkt. No. 578).

**I.   BACKGROUND**

In Petitioner's Motion to Expunge, Petitioner requests that the Court "vacate, correct[,] and expunge all [Not Guilty] Verdicts from [his criminal] record." (Dkt. No. 572 at 1). In support of this request, Petitioner alleges that he has been wrongfully characterized as a sex offender on

National Crime Information Center ("NCIC") records, which lists Count 31, a Rape in the 1st Degree charge, as "No Disposition." *Id*. at 2-3. Petitioner represents that because of this characterization, he has been denied employment (which deprived him of income and thus caused his residence to go into foreclosure) and has been unable to secure an apartment to rent. *Id*. He argues that this harm was caused by "the willful neglect of the District Court of the Virgin Islands, the Virgin Islands Police Department [("VIPD")], and the [NCIC.]" *Id*. at 2. Petitioner claims that he has been the victim of "cruel and unusual punishment with malice [aforethought]" and seeks monetary damages. *Id*. at 3.[1] In his Motion for Hearing, Petitioner adds various concerns that his criminal record has wrought, and requests that the Court hold a hearing on his Motion to Vacate, Correct, and Expunge. (Dkt. No. 578).

Magistrate Judge Miller recommends that the Court deny both Petitioner's Motion to Vacate, Correct, and Expunge (Dkt. No. 572) and Motion for Hearing (Dkt. No. 578) because Petitioner has failed to identify an applicable statute or allege that the underlying criminal proceedings were invalid or illegal. (Dkt. No. 582 at 2).

## II.   STANDARD OF REVIEW

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Where a party fails to file a timely objection to a magistrate judge's R&R, there is no statutory requirement that the district court review the R&R before adopting it. *Anderson v. United States*, 2019 WL 1125816, at *1 n.1 (M.D. Pa. Mar. 12, 2019). The Third Circuit has determined, however, that as a matter

---

[1] Petitioner phrases such request by stating that he seeks "monetary litigation against the . . . parties." (Dkt. No. 572 at 3).

2

of good practice, district courts should "afford some level of review to dispositive legal issues" raised in an R&R to which no objection has been filed. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (("While [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report.").

The Third Circuit has further concluded that "plain error review is appropriate where a party fails to timely object to a magistrate judge's R&R." *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007), *as amended* (June 12, 2007); *see also Tice v. Wilson*, 425 F.Supp.2d 676, 680 (W.D. Pa. 2006), *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a de novo review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'"). A plain error review involves a determination as to whether the R&R contains any "clear" or "obvious" error affecting the plaintiff's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that to meet the definition of a "plain error," an error must have been both "obvious" and "prejudicial" in that it "affected the outcome of the district court proceedings").

No objections to Magistrate Judge Miller's R&R have been filed, and the deadline to file any objections has passed.[2] Accordingly, the Court will review the R&R for plain error.

---

[2] Objections are due within fourteen days from receipt of the R&R. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). The Court is unaware of the exact date on which Petitioner received the R&R. The Court received a receipt on May 13, 2021 indicating that Plaintiff had received the Court documents, but not reflecting the date of receipt. (Dkt. No. 584). Even assuming that May 13, 2021 is used as the operative date—which is clearly after the R&R was received by Petitioner—fourteen days after May 13, 2021 is May 27, 2021.

### III. DISCUSSION

First, there is nothing in Petitioner's record to "vacate," as he is not seeking to vacate any of his sentences or convictions. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions [to vacate, set aside, or correct a sentence] are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."). The Court also finds that there is nothing in Petitioner's Court record to "correct." *Id*. Indeed, Petitioner's Judgment accurately reflects that he was found Guilty on Counts 1, 15, 16, 17, 18, 19, and 40, and Not Guilty on Counts 5, 7, 8, 11, 12, 29, 31, 32, and 33. (Dkt. Nos. 461, 462). Thus, the Court finds that any claim that the District Court of the Virgin Islands has been neglectful under the circumstances presented here is without merit.

With regard to expunging Petitioner's record, in *United States v. Dunegan*, 251 F.3d 477 (3d Cir. 2001), the Third Circuit held that, "in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal." *Id.* at 480. No applicable statute has been identified and Petitioner has not alleged that the underlying criminal proceedings were invalid or illegal. Thus, there is no plain error in the Magistrate Judge's finding that this Court lacks jurisdiction to entertain Petitioner's Motion to Expunge any part of his criminal record.

Further, the Court denies Petitioner's request for monetary damages against NCIC and VIPD for lack of subject matter jurisdiction.[3] The records upon which Petitioner bases his claims

---

[3] Federal courts have a "continuing obligation to assure that [they] have jurisdiction," and thus are required, if necessary, to raise the issue of jurisdiction *sua sponte*. *Wayne Land & Min. Grp., LLC v. Delaware River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020) (quoting *Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017) (citation and internal quotation marks omitted).

4

are maintained on the NCIC system. The NCIC computer system "is a national criminal records data system administered by the Federal Bureau of Investigation [("FBI")]. NCIC contains criminal history information . . . ." *United States v. Martinez–Jimenez*, 464 F.3d 1205, 1210 (10th Cir. 2006) (citation omitted). The NCIC system is maintained pursuant to 28 U.S.C. § 534, which requires that the Attorney General "acquire, collect, classify, and preserve identification, criminal identification, crime, and other records" and "exchange such records and information with, and for the official use of, authorized officials of the Federal Government[,] the States [and other entities]."

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction." *Treasurer of New Jersey v. United States Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, "constitutes a limited waiver of the federal government's sovereign immunity against private suits." *George v. Virgin Islands Hous. Fin. Auth.*, No. CIV. 1997/0177, 2007 WL 6027809, at *1 (D.V.I. Nov. 7, 2007) (quoting *Muniz–Rivera v. United States*, 326 F.3d 8, 12 (1st Cir. 2003) (internal quotation marks omitted)). However, the FTCA expressly preserves sovereign immunity for claims arising out of libel or slander. 28 U.S.C. § 2680(h); *see also Brumfield v. Sanders*, 232 F.3d 376, 382 (3d Cir. 2000). Further, to the extent that Petitioner's allegations could be construed as a claim based upon any other tort, he has failed to provide evidence to establish that he has exhausted his administrative remedies to bring a claim under the FTCA as required under 28 U.S.C. §§ 2401(b),

2675(a), and 28 C.F.R. § 14.2. Accordingly, the Court will deny Petitioner's claim for money damages against the NCIC—which, by extension, is against the FBI—for lack of jurisdiction.

"The Virgin Islands, an unincorporated Territory of the United States, is 'not sovereign, in the true sense of that term.'" *Mathes v. Century Alumina Co., LLLP*, 2009 U.S. Dist. LEXIS 52135, at *12 (D.V.I. June 19, 2009) (quoting *Gov't of Virgin Islands v. Bryan*, 818 F.2d 1069, 1072 (3d Cir. 1987)). Nonetheless, Congress has "granted [the Virgin Islands] 'attributes of autonomy similar to those of a sovereign government or a state' through the Revised Organic Act." *Id*. (quoting *Bryan*, 818 F.2d at 1072). Among those attributes, the Revised Organic Act, 48 U.S.C. §§ 1541 *et seq.*, provides immunity from tort claims to the Government of the Virgin Islands and its officers and employees acting in their official capacities, unless such immunity is waived. *See* 48 U.S.C. § 1541(b) (stating that "no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature [of the Virgin Islands]"); *Mathes*, 2009 U.S. Dist. LEXIS 52135 at *12 (same).

The Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3401-3416 ("VITCA"), provides for a limited conditional waiver of this immunity from tort actions. *Wilson v. V.I. Water & Power Auth.*, 2010 U.S. Dist. LEXIS 129229, at *3 (D.V.I. Dec. 7, 2010). In particular, this "immunity is waived 'with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment.'" *Id*. (emphasis added) (quoting *Mathes v. Century Alumina Co.,* LLC, 2010 U.S. Dist. LEXIS 866, at *7 (D.V.I. Jan. 5, 2010)); *see also Frank v. Gov't of Virgin Islands*, 2010 U.S. Dist. LEXIS 32341, at *34 n.8 (D.V.I. Mar. 31, 2010).

Here, Petitioner has not alleged that a specific employee of the VIPD negligently or wrongfully committed an act or omission during the scope of his or her employment with the VIPD which, in turn, caused Petitioner harm. To the contrary, it is unclear why Petitioner even references the VIPD in his Motion to Vacate, Correct, and Expunge. Accordingly, the Court will deny Petitioner's claim for money damages against the VIPD.

### IV. CONCLUSION

For the reasons discussed above, the Court will adopt Magistrate Judge Miller's recommendation (Dkt. No. 582) to deny Petitioner's Motion to Vacate, Correct, and Expunge (Dkt. No. 572) as modified herein. Specifically, the Court concludes that it lacks jurisdiction over all of Petitioner's claims. The Court will also adopt Magistrate Judge Miller's recommendation (Dkt. No. 582) to deny Petitioner's Motion for Hearing (Dkt. No. 578) on the Motion to Vacate, Correct, and Expunge (Dkt. No. 572), because the Court finds that a hearing is unnecessary to resolve the issues raised.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 1, 2021

_____/s/_____
WILMA A. LEWIS
District Judge